UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BARCLAY,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVE DAVEY, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-1303-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared in the action.

Plaintiff's complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff complains of acts that occurred during his incarceration at Corcoran State Prison ("CSP"). He names the following individuals as Defendants: (1) Dave Davey,

Warden; (2) J. Lewis, Director of Health Care Services; and (3) E. Clark, Chief Medical Officer.

Plaintiff's allegations may be summarized essentially as follows:

Plaintiff previously was incarcerated at San Quentin State Prison. On November 25, 2013, he was seen by an orthopedic specialist who recommended arthroscopic surgery to correct Plaintiff's torn left rotator cuff.

On or about February 3, 2014, Plaintiff was transferred to CSP. On February 23, 2014, Plaintiff filed an institutional appeal for treatment, seeking surgery and referral to a specialist. He was interviewed by Defendant Clark. On April 2, 2014, Defendant Clark denied the appeal due to Plaintiff's "pending parole date being near." Plaintiff's parole date is January 1, 2016.

Plaintiff has received pain medication for his injury. He continues to suffer from pain and limited mobility.

Plaintiff seeks injunctive relief ordering Defendants to provide the recommended medical treatment, declaratory relief, and money damages.

## IV.   ANALYSIS

### A.   Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570

1  (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th
2  Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

3  Plaintiff's allegations do not link Defendants Davey and Lewis to any alleged
4  constitutional violation. Plaintiff will be given leave to amend. If he chooses to do so, he
5  must show that Defendants Davey and Lewis participated in the violations, or knew of
6  the violations and failed to act.

7  **B.   Medical Indifference**

8  A claim of medical indifference requires (1) a serious medical need, and (2) a
9  deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th
10 Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or
11 failure to respond to a prisoner's pain or possible medical need and (b) harm caused by
12 the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in
13 medical treatment, the prisoner must show that the delay led to further injury. See Hallett
14 v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin v. Smith, 974 F.2d 1050,
15 1060 (9th Cir. 1992); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404,
16 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state
17 a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v.
18 Gamble, 429 U.S. 97, 106 (1976)).

19 "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d
20 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be
21 aware of the facts from which the inference could be drawn that a substantial risk of
22 serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting
23 Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been
24 aware of the risk, but was not, then the official has not violated the Eighth Amendment,
25 no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at
26 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support

the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

Plaintiff's allegation that he has been diagnosed with a torn left rotator cuff is sufficient to show a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, the complaint does not sufficiently allege that Defendant Clark knowingly denied and delayed medically necessary care or knowingly provided unacceptable medical care. See Toguchi, 391 F.3d at 1058–60 (9th Cir. 2004). Plaintiff complains that Defendant did not follow a specialist's recommendations in treating his shoulder injury and implies he had a non-medical reason for doing so, namely to avoid the cost of a surgical procedure by postponing it until Plaintiff was released from custody. However, Plaintiff's medical records and appeal documents, attached to his complaint, reflect that Defendant Clark believed Plaintiff was not a proper candidate for the requested treatment because he did not have "tenderness over the rotator cuff, and there [was] a question whether the passive range of motion is greater than the active range of motion in abduction." Defendant Clark suggested that delaying surgery past Plaintiff's parole date would enable Plaintiff to "obtain continuous care instead of having the surgery while incarcerated then Paroling making follow-ups impossible." Significantly, Plaintiff's medical records also reflect that San Quentin State Prison medical personnel had delayed surgery due to complications associated with Plaintiff's diabetes.

Thus, the facts revealed in the pleadings do not suggest Defendants acted maliciously or with conscious disregard for a serious risk Plaintiff might be harmed by their action or inaction. It appears Defendant Clark provided care consistent with his medical judgment and that Plaintiff simply disagrees with the choices made. Plaintiff's disagreement with the treatment decisions and his belief that he should have received surgery, without more, is not a basis for an inadequate medical care claim unless the treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Nothing suggests Defendant Clark intentionally provided medically unacceptable care. So long as his treatment was adequate, that Plaintiff or even another medical professional might have preferred different treatment does not give rise to an Eighth Amendment violation. Evan v. Manos, 336 F. Supp. 2d 255, 261 (W.D.N.Y. 2004); see also Veloz v. New York, 339 F. Supp. 2d 505, 521 (S.D.N.Y. 2004) ("To establish deliberate indifference, plaintiff must demonstrate that the defendants actually wished him harm, or at least, were totally unconcerned with his welfare." (brackets omitted) (citing Hathaway v. Coughlin, 37 F.3d 63, 69 (2d Cir. 1994))).

Plaintiff has not alleged sufficient facts for the Court to determine that his complaint alleges more than a mere difference of opinion regarding appropriate treatment and pain medication. The Court will provide Plaintiff an opportunity to amend. If he chooses to amend he must allege facts demonstrating how each Defendant knowingly denied, delayed, or interfered with treatment of his serious medical needs, or knowingly provided medically unacceptable care, resulting in harm to Plaintiff.

**C.    Injunctive Relief**

Plaintiff's request for medical treatment falls within the category of requests for injunctive relief.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Plaintiff has failed to show that he is likely to succeed on the merits since at this stage of the proceedings he has failed to state a cognizable claim.

Plaintiff fails to suggest a real and immediate threat of irreparable injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Although Plaintiff states that he has limited mobility and continues to suffer pain, there is nothing to indicate that his condition will worsen without the requested treatment.

Plaintiff does not address the third or fourth elements, the balancing of equities and public interest concerns. Absent a cognizable claim, there is nothing to tip the balance of equities in Plaintiff's favor. And, while the public has an interest in providing inmates with constitutionally adequate care, the record before the Court does not justify the Court substituting its judgment regarding Plaintiff's medical treatment for that of medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

### D. Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, this action properly proceeds as one for damages only.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed August 20, 2014;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   October 9, 2014            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE