1
2
3
4
5
6                      UNITED STATES DISTRICT COURT
7                    EASTERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| 9  JEFFREY BARCLAY, | CASE NO. 1:14-cv-1303-MJS (PC) |
| 10                 Plaintiff, | **ORDER:** |
| 11        v. | **(1) DISMISSING ACTION FOR FAILURE TO STATE A CLAIM (ECF No. 8), AND** |
| 12  DAVE DAVEY, et al., | **(2) DENYING MOTION FOR SERVICE (ECF No. 11)** |
| 13                 Defendants. | |
| 14 | |
| 15 | |
| 16 | **DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)** |
| 17 | **CLERK TO TERMINATE PENDING MOTIONS AND CLOSE CASE** |
| 18 | |

19        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

20 rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate

21 Judge jurisdiction. (ECF No. 5.) No other parties have appeared in the action.

22        Plaintiff's complaint (ECF No. 1) was dismissed for failure to state a claim, but he

23 was given leave to amend (ECF No. 7). Plaintiff's first amended complaint is before the

24 Court for screening. (ECF No. 8.)

25        Also before the Court is Plaintiff's April 6, 2015 motion for an order for service of

26 the complaint. (ECF No. 11.)

27
28

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

2

1    Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

2    that is plausible on its face." Id. Facial plausibility demands more than the mere

3    possibility that a defendant committed misconduct and, while factual allegations are

4    accepted as true, legal conclusions are not. Id. at 677-78.

5    **III.    PLAINTIFF'S ALLEGATIONS**

6    Plaintiff complains of acts that occurred during his incarceration at Corcoran State

7    Prison ("CSP"). He names the following individuals as Defendants: (1) Jeffrey Wang,

8    Chief Medical Executive; (2) Teresa Macias, Chief Executive Officer; (3) J. Lewis,

9    Deputy Director of Medical Services; and (3) E. Clark, Chief Medical Officer.

10   Plaintiff's allegations may be summarized essentially as follows:

11   Plaintiff previously was incarcerated at San Quentin State Prison. On November

12   25, 2013, he was seen by an orthopedic specialist who recommended arthroscopic

13   surgery to correct Plaintiff's torn left rotator cuff. On February 4, 2014, San Quentin

14   medical staff noted that surgery was delayed due to complications with Plaintiff's

15   diabetes.

16   In February 2014, Plaintiff was transferred to CSP. On February 23, 2014, Plaintiff

17   filed a health care appeal seeking referral to ophthalmology, referral to an orthopedist,

18   referral to physical therapy, and surgery. On March 6, 2014, he was interviewed by

19   Defendant Clark regarding the appeal. On April 2, 2014, Defendant Clark granted the

20   appeal in part.[1] Defendant Clark granted Plaintiff's request for ophthalmological referral.

21   He denied the request for orthopedic referral on the ground Plaintiff did not meet "inter

22   Qual criteria for repair of chronic rotator cuff tear" because he experienced no

23   tenderness over the rotator cuff and "there is a question whether the passive range of

24

25   [1] Plaintiff states that Defendants Wang and Macias granted his first level appeal. However, the appeal
     records attached to his complaint do not support this contention. The first page of his April 2, 2014, first
26   level appeal decision is followed by a second page signed May 14 and 15, 2014, by Defendants Wang and
     Macias. However, based on other appeal records submitted by Plaintiff, it is apparent that this signature
27   page pertains to Plaintiff's second level appeal. Plaintiff's exhibits present his appeal records out-of-order.
     Plaintiff did not submit the second page of his first level appeal to the Court. Nevertheless, Plaintiff's
28   handwritten appeal indicates that the first level response was prepared by Defendant Clark.

3

1    motion is greater than the active range of motion in abduction." Defendant Clark noted

2    that Plaintiff had been prescribed NSAIDS and physical therapy to assist with his

3    condition. Defendant Clark denied Plaintiff's request for surgery because Plaintiff did not

4    "currently meet the Inter Qual criteria for chronic rotator cuff surgery." He advised

5    Plaintiff that "due to your parole date being near, it would be better to obtain the surgery

6    at an outside facility to be able to obtain continuous care instead of having the surgery

7    while incarcerated and then Paroling making follow-ups impossible."

8        Plaintiff filed a second level appeal and explained that his parole date was still two

9    years away. He pointed out that Defendant Clark is not an orthopedic specialist and

10   requested to be seen by a specialist. The second level appeal was partially granted by

11   Defendants Wang and Macias on May 14, 2014. Plaintiff's request for an orthopedic

12   specialist and surgery were denied based on Defendant Clark's evaluation that Plaintiff

13   did not meet the criteria for surgery and there was no other reason for an orthopedic

14   referral. The request for physical therapy was partially granted and it was noted that

15   Plaintiff had already been seen in physical therapy.

16       Plaintiff filed a third level appeal stating that he had received no physical therapy,

17   his parole date was two years away, and the diabetes issues that initially caused a delay

18   in surgery had been resolved. He also stated that his mobility was getting worse. The

19   appeal was denied at the Director's Level on July 24, 2014 by Defendant Lewis.

20   Defendant Lewis noted that Plaintiff had been seen by medical staff on June 26, 2014

21   and did not raise concerns related to his appeal. Plaintiff had not filed a CDCR 7362

22   Health Care Services Request Form to access health care services, as required by

23   department policy. Defendant Lewis noted that Plaintiff's medical condition had been

24   evaluated and Plaintiff was receiving treatment deemed medically necessary.

25       Plaintiff states that his parole date is January 1, 2016. He has been told that the

26   proposed surgery would require ninety days to heal and an additional 120 days of follow

27   up. He explains that, at the time he was evaluated by Defendant Clark, his pain and

28
                                        4

mobility issues were improved by pain medication he received upon transfer to CSP. Plaintiff states he did not receive physical therapy until September 25, 2014.

Plaintiff alleges that Defendants' conduct constitutes medical indifference and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments, as well as negligence. He seeks a preliminary and permanent injunction ordering the previously recommended medical treatment and all treatment necessary to correct "the diagnosed issue." He also seeks a "diagnosis of permanent damage" due to delayed treatment. Finally, he seeks unspecified compensatory and punitive damages.

## IV.    ANALYSIS

### A.    Fourteenth Amendment

The Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). It also protects prisoners from invidious discrimination. Id.

Plaintiff has not alleged any facts to support a claim under the Fourteenth Amendment. His claims of medical indifference and cruel and unusual punishment fall under the protections of the Eighth Amendment.

Because Plaintiff has not stated even a tangential basis for a Fourteenth Amendment claim, leave to amend such a claim appears futile and will be denied.

### B.    Eighth Amendment

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show

1   that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir.

2   2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs,

3   766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is

4   insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407

5   (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

6       "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d

7   1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be

8   aware of the facts from which the inference could be drawn that a substantial risk of

9   serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting

10  Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been

11  aware of the risk, but was not, then the official has not violated the Eighth Amendment,

12  no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at

13  1188). Mere indifference, negligence, or medical malpractice is not sufficient to support

14  the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v.

15  Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by

16  showing that officials intentionally interfered with his medical treatment for reasons

17  unrelated to the medical needs of the prisoner. See Hamilton v. Endell, 981 F.2d 1062,

18  1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

19      Plaintiff's allegation that he has been diagnosed with a torn left rotator cuff is

20  sufficient to show a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical

21  need" may be shown by demonstrating that "failure to treat a prisoner's condition could

22  result in further significant injury or the 'unnecessary and wanton infliction of pain'");

23  McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or

24  patient would find important and worthy of comment or treatment; the presence of a

25  medical condition that significantly affects an individual's daily activities; or the existence

26  of chronic and substantial pain are examples of indications that a prisoner has a 'serious'

27  need for medical treatment.").

28

However, the complaint does not sufficiently allege that Defendants knowingly denied and delayed medically necessary care or knowingly provided unacceptable medical care. See Toguchi, 391 F.3d at 1058–60 (9th Cir. 2004). Plaintiff complains that Defendant Clark did not follow a specialist's recommendations in treating his shoulder injury and implies he had a non-medical reason for doing so, namely to avoid the cost of a surgical procedure by postponing it until Plaintiff was released from custody. However, Plaintiff's medical records and appeal documents, attached to his complaint, reflect that Defendant Clark believed Plaintiff was not a proper candidate for the requested treatment because he did not have "tenderness over the rotator cuff, and there [was] a question whether the passive range of motion is greater than the active range of motion in abduction." Plaintiff concedes that his pain and mobility had improved after his transfer to CSP due to a change in medication. Thus, Plaintiff has not alleged facts to indicate Defendant Clark acted for reasons unrelated to Plaintiff's medical needs.

Significantly, Plaintiff's medical records also reflect that San Quentin medical personnel had delayed surgery due to complications associated with Plaintiff's diabetes. Although Plaintiff contends that those complications since have resolved, nothing in the complaint or attached exhibits indicates that any medical personnel determined at any point that Plaintiff was an appropriate candidate for surgery. Plaintiff's conclusions to the contrary appear to constitute speculation by one not trained to do so.

Defendant Clark also suggested that delaying surgery past Plaintiff's parole date would enable Plaintiff to "obtain continuous care instead of having the surgery while incarcerated then Paroling making follow-ups impossible." Although Plaintiff disagrees that his follow up care could not be completed prior to his parole date, such disagreement is not a basis for an inadequate medical care claim unless the treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's claims against Defendants Wang, Macias, and Lewis are based on their denials of his administrative appeals. However, Defendants Wang and Macias's denial was based on Defendant Clark's evaluation of Plaintiff. Defendant Lewis's determination was based on Plaintiff's medical records and the fact that Plaintiff had not pursued treatment through the appropriate processes. These facts do not suggest Defendants acted maliciously or with conscious disregard for a serious risk Plaintiff might be harmed by their action or inaction. It appears Defendants provided care consistent with their medical judgment and that Plaintiff simply disagrees with the choices made. Plaintiff's disagreement with the treatment decisions and his belief that he should have received surgery, without more, is not a basis for an inadequate medical care claim unless the treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Nothing suggests Defendants intentionally provided medically unacceptable care. Indeed, Plaintiff concedes that his symptoms improved, at least temporarily, upon his transfer to CSP. So long as Plaintiff's treatment was adequate, that Plaintiff, or even another medical professional, might have preferred different treatment does not give rise to an Eighth Amendment violation. Evan v. Manos, 336 F. Supp. 2d 255, 261 (W.D.N.Y. 2004); see also Veloz v. New York, 339 F. Supp. 2d 505, 521 (S.D.N.Y. 2004) ("To establish deliberate indifference, plaintiff must demonstrate that the defendants actually wished him harm, or at least, were totally unconcerned with his welfare." (brackets omitted) (citing Hathaway v. Coughlin, 37 F.3d 63, 69 (2d Cir. 1994))).

The facts alleged by Plaintiff suggest a mere difference of opinion regarding appropriate treatment, rather than deliberate indifference. Plaintiff previously was advised of pleading deficiencies and provided an opportunity to cure them. He failed to do so. It is reasonable to conclude therefrom that he could not. Further leave to amend would be futile and will be denied.

8

1

2         **C.      State Law Negligence**

3         Plaintiff alleges Defendants were negligent in treating his shoulder injury.

4         Under California law, a public employee is liable for injury to a prisoner

5  "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code

6  § 844.6(d). The elements of negligence under California law are: "(1) defendant's

7  obligation to conform to a certain standard of conduct for the protection of others against

8  unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a

9  reasonably close connection between the defendant's conduct and resulting injuries

10 (proximate cause); and (4) actual loss (damages).'" <u>Corales v. Bennett</u>, 567 F.3d 554,

11 572 (9th Cir. 2009) (quoting <u>McGarry v. Sax</u>, 70 Cal. Rptr. 3d 519 (2008)).

12        The Court may exercise supplemental jurisdiction over state law claims in any civil

13 action in which it has original jurisdiction, if the state law claims form part of the same

14 case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise

15 supplemental jurisdiction over a claim under subsection (a) if . . . the district court has

16 dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The

17 Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . .

18 the state claims should be dismissed as well." <u>United Mine Workers of Am. v. Gibbs</u>, 383

19 U.S. 715, 726 (1966).

20        Because Plaintiff has not alleged any cognizable federal claims, the Court cannot

21 exercise supplemental jurisdiction over his state law negligence claim. 28 U.S.C.

22 § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir.

23 2001).

24        **D.      Injunctive Relief**

25        Plaintiff's request for medical treatment falls within the category of requests for

26 injunctive relief.

27

28
                                           9

1   Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

2   never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008).

3   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

4   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

5   that the balance of equities tips in his favor, and that an injunction is in the public

6   interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.

7   2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order

8   injunctive relief which would require directing parties not before the Court to take action.

9   Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir.

10  1985) ("A federal court may issue an injunction if it has personal jurisdiction over the

11  parties and subject matter jurisdiction over the claim; it may not attempt to determine the

12  rights of persons not before the court.").

13  Plaintiff has failed to show that he is likely to succeed on the merits since at this

14  stage of the proceedings he has failed to state a cognizable claim.

15  Plaintiff fails to suggest a real and immediate threat of irreparable injury. See City

16  of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and

17  immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show

18  a present case or controversy regarding injunctive relief . . . if unaccompanied by any

19  continuing, present, adverse effects."). There is nothing to indicate that his condition will

20  worsen without the requested treatment.

21  Plaintiff does not address the third or fourth elements, the balancing of equities

22  and public interest concerns. Absent a cognizable claim, there is nothing to tip the

23  balance of equities in Plaintiff's favor. And, while the public has an interest in providing

24  inmates with constitutionally adequate care, the record before the Court does not justify

25  the Court substituting its judgment regarding Plaintiff's medical treatment for that of

26  medical staff.

27  The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

28

## V.    MOTION FOR SERVICE

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). This provision is mandatory.

The Court herein has screened Plaintiff's first amended complaint and found that it fails to state a claim. Accordingly, the Court cannot authorize service of Plaintiff's first amended complaint and his motion will be denied.

## VI.    CONCLUSION AND ORDER

Plaintiff's first amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Indeed, the facts alleged in his amended complaint are nearly identical to those alleged in his initial complaint. Any further leave to amend reasonably appears futile and will be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The action is DISMISSED WITH PREJUDICE for failure to state a claim,

2.  Dismissal shall count as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g),

3.  Plaintiff's motion for service (ECF No. 11) is DENIED, and

4.  The Clerk of court shall terminate any and all pending motions and CLOSE this case.

IT IS SO ORDERED.


Dated:    April 27, 2015                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28